JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for Defendant BETSEY JOHNSON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELIZABETH McCOY, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BETSEY JOHNSON, INC., DOES 1 THOUGH 10,<br><br>Defendants. | CASE NO.    C 07-4782 SC<br><br>**STIPULATION FOR STAY OF PROCEEDINGS; ORDER** |

WHEREAS Plaintiff Elizabeth McCoy filed this putative class action against Defendant Betsey Johnson, Inc. alleging violations of the federal Fair and Accurate Credit Transactions Act (FACTA) for failure to block the expiration date on receipts provided to customers for sales transactions involving credit or debit card purchases;

WHEREAS Plaintiff filed the putative class action even though Defendant had properly and timely truncated credit card and debit card numbers from customer sales receipts;

WHEREAS Defendant's counsel has advised Plaintiff's counsel of this Court's order in *Hile v. Frederick's of Hollywood Stores, Inc.*, N.D. Cal. Case No. C07-0715 SC, filed on October 17, 2007, denying class action certification in a putative class action alleging identical facts;

656496v1

- 1 -    STIPULATION FOR STAY OF PROCEEDINGS

WHEREAS this Court's order in *Hile*, attached hereto as Exhibit A for reference, denied class certification without prejudice pending a decision by the Ninth Circuit Court of Appeals on the propriety of denying class action treatment on the facts of this case; and

WHEREAS the parties hereto believe it beneficial to stay these proceedings pending the Ninth Circuit's decision of the class certification issues presented in this lawsuit;

IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-entitled action, by their respective counsel, as follows:

(1) That the action be stayed for all purposes, including discovery and answering the complaint, pending the Ninth Circuit's decision on the propriety of class action treatment in cases such as this one.

(2) That the case management conference in this case presently scheduled for Friday, February 22, 2008, at 10:00 a.m. be continued for approximately 180 days to Friday, August 22, 2008, at 10:00 a.m.

(3) That this stay may be terminated by either side upon 30 days' written notice, and said notice shall be filed with the Court.

DATED: January 22, 2008                JEFFER, MANGELS, BUTLER & MARMARO LLP


By: _____/s/_____
      MICHAEL J. HASSEN
Attorneys for Defendant BETSEY JOHNSON, INC.


DATED: January 22, 2008                GORE LAW FIRM


By: _____/s/_____
      PIERCE GORE
Attorneys for Plaintiff ELIZABETH McCOY

656496v1

- 2 -    STIPULATION FOR STAY OF PROCEEDINGS

# ORDER

Based on the Stipulation of the parties, and good cause appearing:

IT IS HEREBY ORDERED that this matter is stayed pending the Ninth Circuit's decision on the propriety of class action treatment in putative class actions alleging as the sole FACTA violation the failure to block the expiration date of credit and/or debit card on customer sales receipts. Either side may dissolve this stay on 30 days' notice by filing with the Court a "Notice of Termination of Stay."

IT IS HEREBY FURTHER ORDERED that the case management conference set for February 22, 2008 is rescheduled for August 22, 2008.

DATED: _____     _____

United States District Court Judge

# EXHIBIT A

Case 3:07-cv-04782-SC   Document 6   Filed 01/22/2008   Page 4 of 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of himself and all others similarly situated, | Case No. 07-0715 SC |
| Plaintiffs, | ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23 |
| v. | |
| FREDERICK'S OF HOLLYWOOD STORES, INC., FREDERICK'S OF HOLLYWOOD, INC., | |
| Defendants. | |

I.   INTRODUCTION

Plaintiff Zachary Hile ("Plaintiff") filed a Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23 ("Motion"). Docket No. 13. Frederick's of Hollywood Stores, Inc., and Frederick's of Hollywood, Inc. ("Defendants"), opposed the motion and Plaintiff filed a Reply. See Docket Nos. 20, 27. For the following reasons, Plaintiff's Motion is DENIED without prejudice. Plaintiff may refile a Motion for Class Certification after an opinion is issued in another case now pending before the Ninth Circuit Court of Appeals that raises the same issues raised by the parties in the present action.[1]

///

---

[1] As discussed below, the case now pending before the Ninth Circuit is Soualian v. Int'l Coffee and Tea LLC, CV 07-0502, 2007 U.S. Dist. LEXIS 44208, at *1 (C.D. Cal. June 11, 2007), appeal docketed, No. 07-80100 (9th Cir. Sept. 13, 2007).

EXHIBIT A

## II. BACKGROUND

On February 2, 2007, Plaintiff filed a class action against Defendants under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. section 1681c(g).[2] See Compl., Docket No. 1. Specifically, Plaintiff alleges that on January 24, 2007, Plaintiff made a credit card purchase at one of Defendants' stores and was provided a receipt that contained the expiration date of Plaintiff's credit card.[3] Mot. at 5.

Pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), Plaintiff now seeks to certify the class of individuals "to whom Defendant, after December 4, 2006, provided an electronically printed receipt at the point of a sale or transaction on which Defendant printed expiration dates in violation of 15 U.S.C. § 1681c(g)." Mot. at 5.

## III. DISCUSSION

Three District Courts in California have recently denied motions for class certification in cases with factual allegations practically indistinguishable from the case at bar. See Spikings v. Cost Plus, Inc., CV 06-8125, 2007 U.S. Dist. LEXIS 44214, at *1 (C.D. Cal. May 25, 2007); Soualian, 2007 U.S. Dist. LEXIS 44208,

---

[2] FACTA is a subset of the statutes contained within the Fair Credit Reporting Act ("FRCA"), codified at 15 U.S.C. sections 1681, et. seq.

[3] 15 U.S.C. § 1681c(g)(1) states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."

2

1 | at *1; Najarian v. Charlotte Russe, CV 07-0501, 2007 U.S. Dist.
2 | LEXIS 59879, at *1 (C.D. Cal. June 12, 2007). In all three cases,
3 | the plaintiffs alleged that the defendants had violated FACTA by
4 | including credit card numbers, expiration dates, or both on
5 | printed receipts. See Spikings, 2007 U.S. Dist. LEXIS 44214, at
6 | *1; Soualian, 2007 U.S. Dist. LEXIS 44208, at *1; Najarian, 2007
7 | U.S. Dist. LEXIS 59879, at *1. In all three cases, class
8 | certification was denied because the courts found that the
9 | plaintiffs could not satisfy Federal Rule of Civil Procedure
10 | 23(b)(3).[4] See Spikings, 2007 U.S. Dist. LEXIS 44214, at *17;
11 | Soualian, 2007 U.S. Dist. LEXIS 44208, at *13; Najarian, 2007 U.S.
12 | Dist. LEXIS 59879, at *6.
13 |     In Soualian, the district court's denial of class
14 | certification was appealed and is now pending before the Ninth
15 | Circuit Court of Appeals. See Soualian, 2007 U.S. Dist. LEXIS
16 | 44208, appeal docketed, No. 07-80100 (9th Cir. Sept. 13, 2007).
17 | In the interests judicial efficiency and conservation of
18 | resources, this Court DENIES, without prejudice, Plaintiff's
19 | Motion for Class Certification. Once the Ninth Circuit issues an
20 | opinion in the pending case of Soualian, Plaintiff may refile a
21 | Motion for Class Certification.
22 | ///
23 | ///
24 | ///

---

[4] Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

3

IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Class Certification is DENIED without prejudice. Plaintiff may refile the Motion after the Ninth Circuit issues an opinion in Soualian, 2007 U.S. Dist. LEXIS 44208, appeal docketed, No. 07-80100 (9th Cir. Sept. 13, 2007).

IT IS SO ORDERED.

Dated: October 17, 2007

UNITED STATES DISTRICT JUDGE

4